

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTINA ESCOBEDO** | * | CIVIL ACTION |
| Plaintiff, | * | NO. 00-601-D-M3 |
| **VERSUS** | * | SECTION |
| **C.F. INDUSTRIES, INC. and TURNER INDUSTRIES, LTD.,** | * | MAGISTRATE DIVISION |
| Defendants. | * | |

\* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff Christina Escobedo, appearing individually as the widow of Richard Escobedo, and as next friend of the minor Russell Fabian Escobedo, who respectfully represents the following to this Honorable Court:

### PARTIES

**1.**

Plaintiff Christina Escobedo is a person of the full age of majority and is domiciled in the State of Texas, as was her late husband, Richard Escobedo, whose pain, suffering, and wrongful death was caused by the negligence or other fault of defendants herein.

**2.**

Defendant C.F. Industries, Inc., on information and belief, is a Delaware corporation having its principal place of business in the State of Illinois.

**3.**

Defendant Turner Industries, Ltd., on information and belief, is a Louisiana corporation having its principal place of business in Baton Rouge, Louisiana.

## JURISDICTION

**4.**

This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), in that the amount in controversy exceeds the sum or value of seventy five thousand dollars ($75,000) exclusive of interest and costs, and is between citizens of different states.

## VENUE

**5.**

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

**6.**

At all times pertinent hereto, the decedent, Richard Escobedo, was employed by Catalyst Process Specialists, and pursuant to such employment was performing labor as a contract worker at the C.F. Industries, Inc. facility in Donaldsonville, Louisiana (the "C.F. Industries facility").

**7.**

On May 24, 2000, an explosion occurred at the vessel known as the North 109DC located in the Ammonia Unit No. 3 of the C.F. Industries facility. This explosion caused pain, suffering, and ultimately death, to Richard Escobedo.

**8.**

On information and belief, shortly before the explosion, a fire occurred at a vessel known as the South 109D located in Ammonia Unit No. 3 of the C.F. Industries facility.

**9.**

On information and belief, shortly before the explosion, a cleaning operation was taking place in the vessel known as the Center 109DB located in Ammonia Unit No. 3 of the C.F. Industries facility.

**10.**

On information and belief, due to the fire and cleaning operation described above, Ammonia Unit No. 3 was operating only through the North 109DC, at extreme pressure, which caused or significantly contributed to the explosion of the North 109DC and the subsequent pain, suffering, and death of Richard Escobedo.

**11.**

On information and belief, all of the 109D vessels were regularly maintained by defendant Turner Industries, Ltd., whose operations upon the North 109DC vessel and others, including but not limited to internal welding and other measures which damaged the structural integrity of the North 109DC vessel, caused or significantly contributed to the explosion of the North 109 DC vessel and the subsequent pain, suffering, and death of Richard Escobedo.

**12.**

The C.F. Industries facility, along with its contents, components, and appurtenances, as well as any and all vessels that caused or contributed to the explosion and subsequent death of Richard Escobedo, were at all times relevant hereto in the custody, control, and/or *garde* of defendants C.F.

3

Case 3:00-cv-00601-JJB   Document 1   08/04/00   Page 3 of 7

Industries, Inc. and Turner Industries, Ltd., and therefore defendants C.F. Industries, Inc. and Turner Industries, Ltd., are strictly liable for the defects in these items which caused or contributed to the explosion and subsequent death of Richard Escobedo and all resulting damages.

**13.**

Further, and in the alternative, upon information and belief the explosion was caused by the negligence or other fault of the defendants, C.F. Industries, Inc, and Turner Industries, Ltd., in the following non-exclusive particulars:

1. Acting in a careless and negligent manner and without due regard for the safety of others;

2. Failing to properly inspect, test, monitor, repair, and/or replace the North 109DC vessel to insure it was being operated safely and in compliance with laws and regulations;

3. Failing to properly and adequately maintain and operate a facility where toxic and harmful chemicals are stored, transported, and otherwise handled;

4. Intentionally, knowingly, recklessly and/or negligently operating the Ammonia Unit No. 3, including the North 109DC vessel, in excess of safe limits in an attempt to make up for loss of production in Ammonia Unit No. 3 as a result of the fire in the south 109D vessel and the cleaning operations in the Center 109DB vessel.

5. Negligently failing to inspect and repair defective welds and other structural defects in the North 109DC vessel created as a result of

4

improper maintenance procedures and practices by defendant Turner Industries, Ltd. and/or others.

6. Intentional and negligent acquiescence in releasing vessels and equipment to return to operations even though maintenance and repair operations and procedures were inadequate and/or incomplete;

7. Such other negligent acts and omissions as will be shown at trial of this matter.

### 17.

Such negligent acts and omissions may be beyond proof by the plaintiff herein, and therefore plaintiff pleads the doctrine of *res ipsa loquitor*. there being no other possible conclusion than that the explosion resulted from the negligence of the defendants, who were in exclusive custody and control of the C.F. Industries facility and all of its contents, components, vessels, and appurtenances; and furthermore, the explosion could not have occurred had C.F. Industries, Inc. and Turner Industries, Ltd. exercised the high degree of care imposed on them in the handling and storage of toxic and hazardous substances.

### 18.

Further, upon information and belief, the defendants encouraged and aided and abetted each other in the commission of unlawful acts, including the improper maintenance and improper operation of a vessel which had structural defects, the intentional and negligent operation of the C.F. Industries facility, and the intentional and negligent acquiescence in releasing vessels and equipment to return to operations in unsafe and defective conditions, without taking adequate precautions against the risk of harm to others , which fault on their part supports the imposition of solidary liability under the

Case 3:00-cv-00601-JJB   Document 1   08/04/00   Page 5 of 7

provisions of Article 2324 of the Louisiana Civil Code.

**19.**

At the time of his death Richard Escobedo was a successful and highly skilled worker, and was happily married to plaintiff, with whom he had a son, the minor Russell Fabian Escobedo. As a result of this fatal accident, caused by the negligence or other legal fault of defendants C.F. Industries, Inc. and Turner Industries, Ltd., plaintiff is entitled to all survival damages permitted under law for the pain and suffering of Mr. Escobedo prior to his death, all wrongful death damages permitted under law for the loss of his love and affection, nurturing, consortium, economic support and inheritance, and all medical expenses and funeral expenses incurred by plaintiff, individually and on behalf of the minor child, and all other damages to which she is entitled in all capacities under law.

## JURY DEMAND

**20.**

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Christina Escobedo, individually and as next friend of Russell Fabian Escobedo, respectfully prays that after all due proceedings, there be judgment in her favor and on behalf of the minor Russell Fabian Escobedo, and against the defendants C.F. Industries, Inc. and Turner Industries, Ltd., for all of the damages to which she is entitled, including survival damages, loss of economic support and inheritance, loss of services, loss of consortium, loss of society, loss of love and affection, medical and funeral expenses, mental anguish and emotional distress, and other damages that will be proven at trial of this matter, together with legal interest from the date of

demand, costs, expenses, and attorneys fees, and all other legal and equitable relief to which she is entitled.

Respectfully submitted,

_____
GLADSTONE N. JONES, III, T.A. (#22221)
SPIRO J. VERRAS (#22657)
PETER FREIBERG (#22912)
Of
**SMITH, JONES & FAWER, L.L.P.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Fax: (504) 525-2205
**Counsel for Plaintiff**

**NEWTON SCHWARTZ, ESQ.**
1911 Southwest Freeway
Houston, TX 77098
Telephone: (713) 630-00708
Fax: (713) 630-0789
**Counsel for Plaintiff**

**ENRIQUE "RICK" DOVALINA, ESQ.**
DOVALINA & EURESTE, L.L.P.
3336 Richmond Avenue, Suite 100
Houston, TX 77098
Telephone: (713) 624-1000
Fax: (713) 624-1099
**Counsel for Plaintiff**

7