
FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2001 MAR 22 PM 12:54

SGN_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINA ESCOBEDO | CIVIL ACTION NO.: 00-601D-M3 |
| VERSUS | JUDGE:<br>HONORABLE JAMES J. BRADY |
| CF INDUSTRIES, INC. AND<br>TURNER INDUSTRIES, LTD. | MAGISTRATE JUDGE:<br>HONORABLE DOCIA L. DALBY |

## STATEMENT OF UNCONTESTED FACTS
## ON BEHALF OF CF INDUSTRIES, INC.
## IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT
## AND ALTERNATIVE MOTION FOR DISMISSAL

Pursuant to LR 56.1, mover, CF Industries, Inc., submits the following statement of material facts as to which mover contends there is no genuine issue to be tried:

| INITIALS | DOCKET# |
|---|---|
| NML | 13 |

1. Decedent, Richard Escobedo, was an employee of Catalyst Process Specialist, Inc. ("Cat Pro") at all pertinent times.

    (Plaintiff's complaint, Article 6)

2. Cat Pro, decedent's employer, was performing work for CFI on or about May 24, 2000, pursuant to a written contract and a purchase order.

    (Affidavits of Bryan Theriot and Karl Kastner)

3. Both the contract (exhibit "A" to the Affidavit of Bryan Theriot) and the purchase order (exhibits "B" and "C" to the Affidavit of Bryan Theriot) provide that the law of Louisiana is to be applied:

    ". . . all matters relating to the . . . performance of this agreement shall be decided in accordance with the laws of the State of Louisiana." (Article 31 of the CFI - Cat Pro contract);

    "... all matters relating to the . . . performance of this purchase order shall be decided in accordance with Louisiana law. " (Paragraph 23 of the purchase order).

4. The purchase order contains the statutorily required language:

    "Seller recognizes and agrees that a statutory employer relationship as envisioned by La. R.S. 23:1061(A), as amended by Act 315 of 1997, exists between the Seller and Buyer with respect to the services and work to be provided by Seller for Buyer, as to Seller's direct employees and its statutory employees, and that the services and work to be performed are an integral part of, or essential to, the ability of Buyer to generate its own goods, products and/or services."

    (Paragraph 30 of the purchase order).

5. The work being performed by Cat Pro for CFI was an integral part of and essential to the ability of CFI to generate its own products.

(As agreed in Paragraph 30 of the purchase order and as set forth in the Affidavit of Karl Kastner).

Respectfully submitted, this 22ᵈ day of March, 2001.

_____
ROBERT E. KERRIGAN, JR. (#7350), T.A.
CHARLES E. LECHE (#8218)
    OF
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-514

- and -

MARK C. DODART (#17549)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

- and -

JOHN W. PERRY JR. (#10524)
DANIEL J. BALHOFF (#18776)
ATKINSON, PERRY, ATKINSON
    & BALHOFF, L.L.C.
2141 Quail Run Drive
Baton Rouge, Louisiana 70884-3260
Telephone: (225) 767-7730

Attorneys for Defendant, CF Industries, Inc.